DAYTON BAR ASSOCIATION *v.* BAKER.

[Cite as *Dayton Bar Assn. v. Baker* (1999), 86 Ohio St.3d 40.]

(No. 98–2657—Submitted March 10, 1999—Decided June 23, 1999.)

*Richard A.F. Lipowicz,* for relator.

*Jeffrey P. Baker, pro se.*

**Per Curiam.** We adopt the findings and conclusions of the board. Respondent was obviously effective in attracting clients, but ineffective in providing them with legal services. Before they enter full-time practice, lawyers need to understand their duties as "officers of the court." They need to learn to care about the law, about their clients, and about their own image as professionals. They also need to adopt and continually update professional standards of behavior, take pride in their work, and push themselves to provide high quality service routinely. In short, when they begin to practice, lawyers should be aware that lawyering is more than marketing. Respondent put himself at a disadvantage at the outset by not being properly prepared to manage a professional law practice.

In view of respondent's attempts to rectify the problems created by his neglect of clients, we agree with the board's recommended sanction of a six-month suspension with the entire period stayed. We note that respondent is currently registered as "inactive" and Gov.Bar R. X(3)(F)(6) exempts an attorney so registered from CLE requirements. However, we see no reason to depart from Gov.Bar R. X(3)(C)(3)(b), which prescribes twelve hours of CLE within the six months after an inactive attorney registers as active.

Therefore, respondent is suspended from the practice of law in Ohio for six months with the entire six months stayed. Should respondent, who is now registered as inactive, again register as active, the twelve hours of CLE he is required to complete in the six months after reregistering as active shall include two and one-half hours of professionalism, ethics, and substance abuse. In addition, before reregistering respondent shall complete his 33.75 hours of CLE deficiency, including the required hours of ethics and substance abuse for the 1992–1997 report periods, and pay the sanctions imposed for noncompliance. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.