**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 40.]**

DAYTON BAR ASSOCIATION *v.* BAKER.

[Cite as *Dayton Bar Assn. v. Baker*, 1999-Ohio-345.]

*Attorneys at law—Misconduct—Six-month suspension with entire six months stayed—Neglecting entrusted legal matters.*

(No. 98-2657—Submitted March 10, 1999—Decided June 23, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-106.

_____

{¶ 1} On December 8, 1997, relator, Dayton Bar Association, filed a complaint alleging that after Robbin R. Gay engaged respondent, Jeffrey P. Baker of Dayton, Ohio, Attorney Registration No. 0016170, in July 1996 to file a divorce case for her and paid him $200, she was unable to contact him. Gay subsequently discovered in September 1996 that respondent's phone had been disconnected and he had filed no action on her behalf. The complaint also charged that in October 1992, Mr. and Mrs. Scott Riley retained respondent and paid him $250 to initiate proceedings to adopt Mrs. Riley's daughter from a previous marriage. Initially the Rileys received various excuses from respondent for his failure to file the appropriate papers, and then for the next four years, the Rileys were unable to contact respondent at all. In October 1996, the Rileys examined probate court records and discovered that respondent had not filed an adoption proceeding for them. They thereupon employed another lawyer who filed and completed the adoption proceedings. Relator's complaint charged that on both occasions respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter). After respondent answered, the parties stipulated these facts.

{¶ 2} The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which found the facts

as stipulated and concluded that respondent had violated the Disciplinary Rule as charged.

{¶ 3} The panel also found that immediately after he was admitted to the bar in 1984, respondent began to practice law with no guidance from experienced counsel. In the next seven years, he acquired a building where he maintained a law office employing four lawyers and five office personnel. In 1991, when respondent had approximately three hundred pending cases, two lawyers left his employ. During the next five years, respondent attempted to manage his caseload by hiring recent law graduates; however, by 1995, the volume of work was more than he could handle and he was unable to complete the legal matters he had undertaken. Also, during this time, he lost a paralegal who had worked for him for seven years and a secretary whom he had employed for eight years.

{¶ 4} In 1995, respondent began to forget the names of cases he was working on and the times he was scheduled to appear in court. He also frequently lost his way home and forgot the names of his children. In September 1995, he was hospitalized and treated for depression. When he was released, respondent began to wind down his practice, refunding retainers to persons who had engaged him and hiring a lawyer to help him in responding to client complaints that were then being made to relator. During the winding-down process, Gay retained respondent to pursue the divorce matter in accordance with an agreement with relator whereby respondent was permitted to take on what appeared to be uncontested cases. About the same time, respondent received past-due tax bills from the Internal Revenue Service, his income dropped precipitously, and his wife threatened to leave him with their four children. Respondent's bills and the debt service on his home and office building forced him into bankruptcy, and he lost all his assets. As he stipulated, respondent failed to provide the promised services to Gay.

{¶ 5} Respondent eventually moved from Dayton to Cincinnati, where he now has non-legal employment. Respondent has stated that he does not plan to

return to the private practice of law, and he has registered as inactive with the Supreme Court.

{¶ 6} The panel found that through his restitution efforts and attempts to wind down his practice in an orderly manner, respondent made a sincere effort to atone for his neglect of legal matters. The panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed. It further recommended that before respondent be again admitted to active practice that he obtain and bring up to date all the continuing legal education ("CLE") credits that he did not accumulate during the period he was registered inactive, and that he submit a report of a psychiatrist indicating that he is able to practice in the area of law he has chosen. The board accepted the panel's findings, conclusions, and recommendation.

_____

*Richard A.F. Lipowicz,* for relator.

*Jeffrey P. Baker, pro se*.

_____

***Per Curiam.***

{¶ 7} We adopt the findings and conclusions of the board. Respondent was obviously effective in attracting clients, but ineffective in providing them with legal services. Before they enter full-time practice, lawyers need to understand their duties as "officers of the court." They need to learn to care about the law, about their clients, and about their own image as professionals. They also need to adopt and continually update professional standards of behavior, take pride in their work, and push themselves to provide high quality service routinely. In short, when they begin to practice, lawyers should be aware that lawyering is more than marketing. Respondent put himself at a disadvantage at the outset by not being properly prepared to manage a professional law practice.

**{¶ 8}** In view of respondent's attempts to rectify the problems created by his neglect of clients, we agree with the board's recommended sanction of a six-month suspension with the entire period stayed. We note that respondent is currently registered as "inactive" and Gov.Bar R. X(3)(F)(6) exempts an attorney so registered from CLE requirements. However, we see no reason to depart from Gov.Bar R. X(3)(C)(3)(b), which prescribes twelve hours of CLE within the six months after an inactive attorney registers as active.

**{¶ 9}** Therefore, respondent is suspended from the practice of law in Ohio for six months with the entire six months stayed. Should respondent, who is now registered as inactive, again register as active, the twelve hours of CLE he is required to complete in the six months after reregistering as active shall include two and one-half hours of professionalism, ethics, and substance abuse. In addition, before reregistering respondent shall complete his 33.75 hours of CLE deficiency, including the required hours of ethics and substance abuse for the 1992-1997 report periods, and pay the sanctions imposed for noncompliance. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.

————————————